**50**

UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WARE-HOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, et al., Defendants.

In re APPLICATION XLII OF the INDEPENDENT ADMINISTRATOR.

No. 88 CIV. 4486 (DNE).

United States District Court, S.D. New York.

July 30, 1991.

Otto G. Obermaier, U.S. Atty., S.D.N.Y. (Edward T. Ferguson, III, Asst. U.S. Atty., of counsel), New York City, for the U.S.

Frederick B. Lacey, New York City, Independent Adm'r of the Intern. Broth. of Teamsters (Stuart Alderoty, of counsel, Newark, N.J.), Charles M. Carberry, Investigations Officer of the Internat. Broth. of Teamsters, (Robert W. Gaffey, of counsel), New York City, Shaw, Licitra, Eserino & Schwartz, (William Alesi, Warren W. Quaid, of counsel), Garden City, N.Y., for Harry Davidoff.

MEMORANDUM & ORDER

EDELSTEIN, District Judge:

Harry Davidoff moves to intervene in the instant matter pursuant to Fed.R.Civ.Pro. 24, and to obtain materials submitted in connection with Application XLII. This Court heard argument in connection with the instant intervention motion on July 30,

1991. At that hearing, this Court denied Davidoff's motion. This memorandum supplements that oral decision.

Application XLII is the decision of the Independent Administrator resolving the charges filed by the Investigations Officer against Anthony Calagna Sr., Anthony Calagna Jr., Robert Rhinehardt, Michael Urso–Pernice, Salvatore Cataldo, John Moran, and Ralph Delsardo, then officers of IBT Local 295. Davidoff seeks to intervene as a result of findings made by the Independent Administrator on Charge Five. Charge Five alleged that the members of the Local 295 General Executive Board embezzled IBT funds by not terminating, or investigating whether they could terminate Davidoff's pension after his December 12, 1986 felony conviction for labor racketeering and extortion of Local 295 employers. Davidoff was sentenced to ten years imprisonment. Davidoff retired from Local 295 effective December 1, 1972, and received a monthly pension of $1,903.00 since then.

Davidoff's attorney represented that subsequent to the decision of the Independent Administrator, the Local 295 General Executive Board voted to terminate Davidoff's pension. As a result, Davidoff seeks to intervene in order to relitigate the Independent Administrator's finding that the failure to investigate termination of continued payments to Davidoff constituted a continuing act of embezzlement by the Local 295 GEB for the benefit of Davidoff. Application XLII was currently fully submitted before this Court as of July 16, 1991.

In his decision, the Independent Administrator did not order Local 295 to terminate Davidoff's pension. Davidoff was not charged by the Investigations Officer, nor did the Independent Administrator make any findings regarding Davidoff beyond those based on the public record of Davidoff's conviction.

■ Under the Consent Decree, disciplinary hearings before the Independent Administrator are internal IBT disciplinary hearings, which are to be conducted under the "rules and procedures generally appli-cable to labor arbitration hearings." Consent Decree, ¶ F.12.(A)(ii)(e); *see United States v. International Brotherhood of Teamsters*, 931 F.2d 177, 184 (2d Cir.1991); *United States v. International Brotherhood of Teamsters*, 905 F.2d 610, 622 (2d Cir.1990). Davidoff has not demonstrated either standing to participate in such a hearing where he is not charged, or a cognizable interest in the disciplinary proceeding to warrant his application for intervention. Accordingly, his motion should be denied on this ground alone.

■ Further, Davidoff has not met the criteria for intervention set out at Fed. R.Civ.Pro. 24(a)(2). Rule 24(a)(2) states:

When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest has been adequately represented by the existing parties.

The Independent Administrator found that members of the Local 295 GEB had embezzled Local 295 funds by failing to terminate or investigate termination of Davidoff's pension after his felony conviction. This issue of whether the conduct of the respondents embezzled union assets in violation of the IBT constitution by making monthly payments to Davidoff was fully litigated before the Independent Administrator. That specific finding has been appealed by the respondents to this Court.

■ Davidoff further claims that he must intervene to litigate the issue of whether Davidoff's pension constituted a statutorily protected pension plan under ERISA, 29 U.S.C. § 1056(d); *see Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990). That issue was also fully litigated before the Independent Administrator, who specifically considered the issue of whether Davidoff's pension was alienable. The Independent Administrator found that the continued pension payments to Davidoff did not meet any of the requirements for a valid pension plan. That

finding is currently being appealed to this Court, and has been fully briefed by the parties to Application XLII.

Accordingly, Davidoff's has offered no argument to this Court that has not already been ruled upon by the Independent Administrator and appealed by the parties to this Court. Davidoff has therefore demonstrated no interest in the underlying action that has not already been fully and adequately represented by the parties as required by Rule 24(a)(2).

IT IS HEREBY ORDERED that Davidoff's motion to intervene is denied in all respects.

So Ordered.